{¶ 1} While ultimately concurring in the affirmation of the decision of the juvenile court in this case, such concurrence is reached with some reservations with respect to the juvenile court proceedings below.
{¶ 2} The failure of the Portage County Department of Job and Family Services ("PCDJFS") to comply with appellant's discovery request cannot be condoned or excused by appellant's failure to move to compel such discovery. The PCDJFS had a duty to respond to appellant's discovery request. Juv.R. 24(A). If the PCDJFS had a legitimate reason not to comply with that discovery request, the PCDJFS had the burden of moving for a protective order. Civ.R. 26(C). Predicating the granting of a motion in limine for non-compliance of a discovery request on a requirement that the party seeking such discovery must also file a motion to compel essentially gives the answering party a free pass for violating the discovery rules. Such a result is inconsistent with the discovery rules and is not in the best interest of judicial economy. In appropriate cases, a party who fails to comply with a discovery request should be precluded from presenting related testimony or evidence at trial when the opposing party seeks to preclude such testimony or evidence by a timely motion in limine.
{¶ 3} In this case, however, as explained below, the juvenile court's failure to grant appellant's motion in limine, while perhaps inappropriate, was, at best, harmless error.
{¶ 4} Extreme care should be taken in dealing with the fundamental relationship between a parent and a child. The dissent's concern that evidence of the wishes of the child in a parental custody case should be clearly communicated to the juvenile court is well taken. Such evidence can be by in camera interview by the court or through the guardian ad litem's representations with respect to the child's desires. R.C. 3109.04;State ex rel.Papp v. James (1994) 69 Ohio St.3d 373.
{¶ 5} In this case, the guardian ad litem's representations are minimally satisfactory, at best. The guardian ad litem's representations confirm that at least one of the children, Derreck, desired to "be part of a safe environment." There is no evidence in the record, however, that Derreck considered living with appellant to be an unsafe environment. When a child's wishes are going to be represented by the testimony of a guardian ad litem, the testimony should include specificity as to the child's wishes, and not just the child's response to a mere generality. After all, most children, as well as most adults, desire to be part of a stable, loving, and safe family environment. However, the children's wishes under R.C. 2151.414(D)(2) are not dispositive.
{¶ 6} Having said this, the juvenile court's questionable ruling on appellant's motion in limine and the sparse testimony as to the children's wishes do not warrant reversal of the juvenile court's decision in this case, which ultimately rests on what is in the best interest of the children.
{¶ 7} In the final analysis, the issue is the best interest of Destiny and Derreck. There is sufficient evidence in the record supporting the juvenile court's determination that it is in the best interest of these children to grant permanent custody to the PCDJFS in this case, as shown by Judge Christley's analysis on pages 14 through 16 of her opinion in this matter.
{¶ 8} Finally, while the failure of the PCDJFS to comply with appellant's discovery request cannot be condoned, such evidence did not involve appellant's parental capabilities and the relationship thereof to the best interests of the children, which formed the ultimate grounds for the juvenile court's decision. Thus, the juvenile court's ruling on the discovery issue was, at most, harmless error.
{¶ 9} Therefore, I would affirm the judgment of the juvenile court.